## MIHALOVITCH, FLETCHER & CO. v. UNITED STATES.

(Circuit Court, S. D. Ohio.  March 23, 1908.)

No. 5,915 (1,617).

**1. Customs Duties—Fruits in Spirits—Excess of Alcohol.**

Under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), relating to fruits in spirits and imposing a duty "per proof gallon on the alcohol contained therein in excess of ten per centum," the duty is to be levied on all such excess, whether absorbed by the fruit or supernatant.

**2. Same—Classification—Reciprocity—Alcohol in Preserved Fruit.**

The reciprocal commercial agreement with Germany (July 13, 1900, 31 Stat. 1978), negotiated under Tariff Act July 24, 1897, c. 11, § 3, 30 Stat. 203 (U. S. Comp. St. 1901, p. 1690), which allows a reduction of duty on "spirits," supersedes the provision of a different rate by Schedule G, § 1, par. 263, of said act (30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]), on the alcohol in excess of 10 per cent. found in fruit preserved in spirits.

On Application for Review of a Decision by the Board of United States General Appraisers.

The following is the opinion of the board:

SOMERVILLE, General Appraiser. These protests cover the importation of cherries in spirits, assessed for duty at the rate provided for fruit in spirits in paragraph 263 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]). The importers ask that they might be given the benefit of the German reciprocity agreement, and entry be allowed at $1.75 per proof gallon. In our judgment there is no merit in this claim. In re Rheinstrom, G. A. 4,368 (T. D. 20,761), affirmed in Rheinstrom v. United States (C. C.) 118 Fed. 303.

The protests are overruled and the decision of the surveyor affirmed.

Curie, Smith & Maxwell, for importers.
Sherman T. McPherson, U. S. Atty.

THOMPSON, District Judge. The questions presented here were ruled upon by this court in Rheinstrom et al. v. United States. The ruling was inaccurately reported in 118 Fed. 303, and it is therefore repeated here in full as delivered, as follows:

"The taxable subject is fruit preserved in spirits; the fruit and the spirits together constitute the taxable subject. If the spirits contain but 10

per cent. or less of alcohol, the rates of duty to be levied on the fruit so preserved are 1 cent per pound and 35 per cent. of its market value 'in the principal markets of the country from whence imported.' But if the spirits contain over 10 per cent. of alcohol, the rates of duty to be levied on the fruit so preserved are 35 per cent. of its market value in said markets, and $2.50 per proof gallon of alcohol in excess of 10 per cent., whether absorbed by the fruit or supernatant. In the first case the duties rest on the alcohol only in so far as it contributes to the weight and value of the fruit, but in the second case, in addition to the duty on the value of the fruit and spirits, including 10 per cent. of the alcohol, an additional specific duty is laid of $2.50 per gallon on the excess of alcohol over the 10 per cent.; and there is no suggestion in the language of the statute that in determining the amount of the excess the alcohol absorbed by the cherries should be eliminated from the computation."

Since then the Circuit Court of Appeals of the Second Circuit, in La Manna, etc., v. United States, 144 Fed. 683, 75 C. C. A. 485, has held that under the reciprocal commercial agreements with other countries, contemplated by section 3 of the tariff act of July 24, 1897, c. 11, 30 Stat. 203 (U. S. Comp. St. 1901, p. 1690), alcohol in which cherries are imported is within the classification of said act which provides that "brandies or other spirits manufactured or distilled from grain or other materials" shall pay a duty of $1.75 per proof gallon instead of $2.50 per proof gallon, as provided in paragraph 263, c. 11, Schedule G, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651); and the government having acquiesced in this holding this court will follow it as applicable under the treaty or agreement with Germany. July 13, 1900, 31 Stat. 1978.

The protests are affirmed, and the decisions of the Board of General Appraisers and the surveyor are overruled.